```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

 LUIS ALCALA,
                                              MEMORANDUM & ORDER
                    Plaintiff,               24-CV-03555 (EK)(LB)

         -against-

 CVS CAREMARK CORPORATION; CVS
 CAREMARK CORPORATION,

                    Defendants.

------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Luis Alcala brings the instant complaint, asserting a product liability claim. Proceeding *pro se*, he names CVS Caremark Corporation as a defendant twice, with a different address each time: one address in Rhode Island and one in Brooklyn, New York. Alcala's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, however, the action is dismissed. Alcala is granted thirty days from the date of this Order to file an amended complaint.

## I.   Background

        The following factual allegations are taken from the plaintiff's complaint and are assumed to be true, unless otherwise noted. *See, e.g.*, *Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 75 (2d Cir. 2012). Alcala alleges that he has diabetes and has, for the past twenty-five years, been taking insulin via Beckton Dickinson needles purchased from Defendants'

pharmacy. Complaint at 8, ECF No. 1. Starting in 2017, the needles that he purchased from Defendants were often bent, would snap when he injected himself, would remain in his body, and would cause him to bleed when he removed them. *Id*. at 10. Alcala asserts that the needles were not correctly calibrated and caused him to draw too much insulin. *Id.* He seeks monetary damages.

## II. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

## III. Discussion

The subject matter jurisdiction of the federal courts is limited. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir.

2

2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint still suggests no basis for the exercise of federal question jurisdiction. *See Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106 (2d Cir. 2024) (federal question arises when federal law creates the plaintiff's cause of action or in "a special and small category of actual state claims that present significant, disputed issues of federal law").

Alcala's cover sheet invokes a federal statute: 42 U.S.C. § 1983. The complaint itself, however, invokes no federal law; instead, it indicates that his claim is for "products liability." *See* Compl. at 12.[1]

---

[1] The cover sheet is not part of the pleadings. "The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. 2011).

3

To support a Section 1983 claim, the "the conduct at issue must have been committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quotations omitted). Such "state action occurs where the challenged action of a private party is fairly attributable to the state." *Logan v. Bennington Coll. Corp.*, 72 F.3d 1017, 1027 (2d Cir. 1995). Alcala does not allege that CVS Caremark was acting under color of state law or explain how its actions could be attributed to the state.

Moreover, Alcala has not adequately invoked the Court's diversity jurisdiction. Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of alleging it at this stage. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Abatayo v. Tella*, No. 24-CV-01204, 2024 WL 866233, at *2 (E.D.N.Y. Feb. 28, 2024).

Plaintiff does not plausibly allege that the Court has diversity jurisdiction. The complaint indicates that he resides in Brooklyn, New York, and he names CVS Caremark Corporation as

4

a defendant twice — once in Rhode Island and once in Brooklyn. Compl. 2-3 (listing Defendants' addresses as "1 CVS Drive, Woonsocket, RI 02895" and "1402 Sheepshead Bay Rd, Brooklyn, NY 11235"). Alcala does not expressly allege the defendants' citizenship. See 28 U.S.C. § 1332 (a corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business). But given the allegations that both Alcala and one of the defendants are from New York, diversity of citizenship appears likely to be lacking. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants").

Given Alcala's *pro se* status, he is granted thirty days from the date of this Memorandum and Order to file an amended complaint. To the extent that he seeks to bring claim based on diversity jurisdiction, he must allege the citizenship of each defendant. See *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (where plaintiff invokes the court's diversity jurisdiction, plaintiff must allege the citizenship of all parties); *see generally Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987) (district court should allow a *pro se* plaintiff an opportunity "to drop

dispensable nondiverse defendants whose presence would defeat diversity of citizenship").

Any amended complaint Alcala will completely replace, not supplement, the prior complaint. Therefore, the amended complaint must include all claims and factual allegations against all defendants. It must be captioned an "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### IV.  Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff thirty days to file an amended complaint. If Plaintiff does not amend the complaint as directed, or otherwise show good cause for failing to do so, judgment shall be entered dismissing the action.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     January 7, 2025
           Brooklyn, New York